Former Justice NIGRO did not participate in the decision of this matter.

Samuel WALSH, Assignee of Henrietta Kubiak, Executrix of the Estate of Richard Kubiak, M.D., Appellant

v.

**MEDICAL PROFESSIONAL LIABILITY CATASTROPHE LOSS FUND, Appellee.**

Supreme Court of Pennsylvania.

March 20, 2006.

*ORDER*

PER CURIAM.

**AND NOW,** this 20th day of March, 2006, the Order of the Commonwealth Court is hereby **AFFIRMED.**

24. In addition to the fact that we fail to see how holding a third party plaintiff to his election pursuant to the plain language of the statute is contrary to the legislative purpose as a matter of construction, it is difficult to follow the claim, implicitly accepted by the lower court here, that the plain language result is harsh and draconian in this case. Ruhl elected both to file a POC, thereby limiting his recovery under Mawson's primary insurance policy, and to proceed with his tort action against Mawson—a course which made sense only if Ruhl hoped or expected that there was some source (excess insurance or Mawson's resources) to satisfy a monetary judgment rendered in an amount beyond the $1,000,000 limit of the Reliance Policy. Discovery of the excess policy with Federated—the fact which the lower court cited as warranting withdrawal of the POC—at best might have **confirmed** the litigation decision to continue with the tort action which Ruhl already had made. It is not self-evident how the alleged non-disclosure can be said to have prejudiced Ruhl by causing him to file the POC.

25. In light of the broad nature of the Commonwealth Court's resolution, and the uncertain and incomplete state of the record, it is not apparent whether our review disposes of all questions properly presented in the litigation below. It will be for the Commonwealth Court to determine, in the first instance, the independence and viability of any other presented challenges Ruhl raised to Mawson's petition to enforce the POC.